IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JONATHAN F. RAMOS,<br><br>Plaintiff,<br><br>vs.<br><br>CARGILL MEAT SOLUTIONS CORPORATION,<br><br>Defendant. | **8:24CV455**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff filed a Complaint on November 22, 2024, Filing No. 1, and was given leave to proceed in forma pauperis, Filing No. 6. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT[1]

Plaintiff sues Cargill Meat Solutions Corporation ("Cargill" or "Defendant"), alleging discrimination under Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-l7; Title I and Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111 to 12117; 42 U.S.C. § 12182, and the Nebraska Fair Employment Practice Act ("NFEPA"), Neb. Rev. Stat. §§ 48-1101 to 1126. Filing No. 1 at 3. Plaintiff alleges Defendants failed to accommodate his disability and subjected him to a hostile work environment.[2] He claims this conduct occurred between April 2022 and May 2024. Filing No. 1 at 5.

---

[1] Plaintiff's Complaint is difficult to understand, but the Court has done its best to discern Plaintiff's meaning, keeping in mind that Plaintiff has limited English language abilities. *See* Filing No. 1 at 7.
[2] Plaintiff attached to his Complaint a right-to-sue letter issued by the U.S. Equal Employment Opportunity Commission on October 1, 2024. Filing No. 1 at 14. Plaintiff timely filed his suit on November 22, 2024.

Plaintiff is deaf, has limited English language ability, and communicates via American Sign Language ("ASL"). Plaintiff alleges:

> ASL is a complete and complex language distinct from English, with its own vocabulary and rules for grammar and syntax—it is not simply English in hand signals. ASL has no written component. For several reasons, including early language deprivation, many deaf people have a very limited ability to read and write in English.

Filing No. 1 at 7 (quoting *Nat'l Ass'n of the Deaf v. Trump*, No. 20CV2107, 2020 WL 4452083 (Complaint ¶¶ 25-25)).

It appears Plaintiff began his employment for Cargill on or about December 13, 2021. Filing No. 1 at 8. Plaintiff alleges that he went to employee orientation that day, but he was unable to participate because there was no ASL interpreter available, and his request for an ASL interpreter was ignored or denied. Filing No. 1 at 8.

Plaintiff works on the Cargill plant floor. He alleges there is no ASL interpreter on the floor and he is discriminated against because he is not Mexican and is deaf. Specifically, he claims co-workers harass and submit false reports against him, and supervisors will not allow him to leave the floor, even when he needs to use the restroom immediately. Filing No. 1 at 8. He claims the supervisors do not delay the restroom requests of Mexican employees.

Plaintiff's complaint describes an incident of leaving the floor to use the restroom because he could no longer hold his bladder. A supervisor saw him leaving his work area to wash his hands and physically assaulted him, causing injury to his eye. He claims the supervisor followed him into the bathroom and tried to goad him into a fight. He responded by telling the supervisor to stop; that all he needs is the restroom. Filing No. 1 at 8. He claims that after this event, a Cargill human resources manager gave him a final warning, advising that if it happened again, he would be terminated. Filing No. 1 at 8.

Plaintiff asks the Court for an order requiring Cargill to work with the Nebraska Commission for the Deaf and Hard of Hearing, provide an ASL interpreter on the floor, and provide training to all Cargill supervisors, managers, and co-workers regarding the deaf culture. Filing No. 1 at 5-6. Plaintiff also requests damages. Filing No. 1 at 6.

Plaintiff requests appointed counsel. Filing No. 1 at 10.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at

849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

A plaintiff need not plead facts sufficient to establish a prima facie case of employment discrimination in his or her complaint. *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511-12 (2002) (holding a complaint in employment discrimination lawsuit need not contain "facts establishing a prima facie case," but must contain sufficient facts to state a claim to relief that is plausible on its face), abrogated in part on other grounds by *Twombly,* 550 U.S. at 570. However, the elements of a prima facie case are relevant to a plausibility determination. *See Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 54 (1st Cir. 2013) (stating elements of a prima facie case are "part of the background against which a plausibility determination should be made" and "may be used as a prism to shed light upon the plausibility of the claim"); *see also Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) ("While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim.").

### III. ANALYSIS

Plaintiff's complaint states he is claiming recovery under Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17; Title I and Title III of the ADA, 42 U.S.C. §§ 12111 to 12117; 42 U.S.C. § 12182; and the

NFEPA, Neb. Rev. Stat. §§ 48-1101 to 1126. Filing No. 1 at 3.[3] For the following reasons, Plaintiff's claims under Title VII and under Title I of the ADA and the NFEPA for being subjected to a hostile work environment will be allowed to proceed to service of process, but his Title III ADA claim will be dismissed.

**A. Hostile Work Environment**

Plaintiff alleges he was subjected to harassment in the workplace because he is not Mexican and has a hearing disability. Employees who are disabled as defined under the ADA, and/or members of a protected class as defined under Title VII, may state a claim for recovery if subjected to a hostile work environment. *Jackman v. Fifth Jud. Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 805 (8th Cir. 2013) (Title VII); *Shaver v. Indep. Stave Co.*, 350 F.3d 716, 719 (8th Cir. 2003) (ADA).

Title VII makes it unlawful for an employer to discriminate against an individual because of such individual's "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To prevail on a Title VII hostile work environment claim, Plaintiff must show that he is a member of the class of people protected by Title VII, he was subject to unwelcome harassment, he was harassed because of his membership in the protected class, and the harassment was severe enough to affect the terms, conditions, or privileges of his employment. *Ryan v. Capital Contractors, Inc.*, 679 F.3d 772, 778 (8th Cir. 2012). When the alleged harasser is a co-employee, Plaintiff must show the employer knew or should have known of the harassment and failed to take proper action. *Gordon v. Shafer Contracting Co.*, 469 F.3d 1191, 1195 (8th Cir. 2006).

---

[3] Plaintiff mentions "Obstruction of Justice" and "Conspiracy," Filing No. 1 at 3, but he has no allegations to explain these references. The Court has therefore disregarded them.

"A hostile environment exists when "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Id*. at 1194. The Court considers the totality of the circumstances, including the "'frequency and severity of the conduct, whether it is physically threatening or humiliating, and whether it unreasonably interferes with the plaintiff's job performance.'" *Wilkie v. Dep't of Health & Hum. Servs.*, 638 F.3d 944, 953 (8th Cir. 2011) (quoting *Cross v. Prairie Meadows Racetrack & Casino, Inc.*, 615 F.3d 977, 981 (8th Cir. 2010)).

Here, Plaintiff alleges he was harassed in the workplace because he is not Mexican. He alleges he was verbally harassed by co-employees and supervisors; he was falsely accused of violations by co-employees; and that he was not permitted to use the restroom when he needed to, and when he did use the restroom without his supervisor's express consent, he was physically attacked by the supervisor. Liberally construed, Plaintiff's allegations support a claim for racial or national origin harassment in violation of Title VII.

Similarly, Plaintiff alleges he was subjected to a hostile work environment due to his disability. A person is disabled within the meaning of the ADA only if he demonstrates that he has a physical or mental impairment which substantially limits one or more of his major life activities, that he has a record of such an impairment, or that he is regarded as having such an impairment. *Amir v. St. Louis Univ.*, 184 F.3d 1017, 1027 (8th Cir. 1999). "Major life activities under the ADA are basic activities that the average person can perform with little or no difficulty, including 'caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.'" *Battle v. United Parcel Serv., Inc.*, 438 F.3d 856, 861 (8th Cir. 2006) (quoting 29 C.F.R. § 1630.2(I)). Plaintiff alleges he has a hearing

6

disability requiring him to communicate through American Sign Language, and he has therefore alleged a disability under the ADA.

The elements of a hostile work environment claim under the ADA mirror the elements of such a claim under Title VII. So, as with the Title VII hostile work environment claim, the Court finds Plaintiff, a disabled person, has sufficiently alleged that his workplace at Cargill was hostile as that term is defined under federal employment law and that he was subjected to this hostile work environment because he is disabled. Plaintiff has stated a hostile work environment claim under the ADA.

### B. Failure to Accommodate

Plaintiff alleges Defendant violated the ADA because he was denied an ASL interpreter during his orientation and while working on the plant floor. He alleges Cargill provides other language interpreters, but not an ASL interpreter. To state a failure-to-accommodate claim, a plaintiff first "must establish both a prima facie case of discrimination based on disability and a failure to accommodate it." *Schaffhauser v. United Parcel Serv., Inc.*, 794 F.3d 899, 905 (8th Cir. 2015). The plaintiff then has the burden to show the requested accommodation is reasonable. *Peebles v. Potter*, 354 F.3d 761, 768 (8th Cir. 2004). An employer is not obligated to provide an employee the accommodation he or she requests or prefers. *See, e.g., Cravens v. Blue Cross & Blue Shield of Kan. City*, 214 F.3d 1011, 1019 (8th Cir. 2000). When more than one accommodation would allow the individual to perform the essential functions of the job, the employer may decide between effective accommodations, and it may choose the less expensive accommodation or the accommodation that is easier for it to provide. *Kiel v. Select Artificials, Inc.*, 169 F.3d 1131, 1137 (8th Cir. 1999); *see also Lors v. Dean*, 595 F.3d 831, 834 (8th Cir. 2010) (defendants were not required to employ plaintiff in team leader

7

position, even if he could maintain better control of his diabetes in that position).

While Plaintiff alleges Defendant failed to provide him with an ASL interpreter at orientation and while working on the floor, he does not allege facts suggesting he needed accommodations. It appears he worked at Cargill for two years, Filing No. 1 at 5, and he does not allege that Defendant's failure to provide him an interpreter prevented him from understanding his position and performing its essential functions. Plaintiff's complaint fails to state a claim for failure to accommodate Plaintiff's disability in violation of the ADA.

**C. Title III of the ADA**

Plaintiff also alleges Defendant discriminated against him in violation of Title III of the ADA, which provides in part:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182.

The ADA has three titles addressing discrimination against the disabled in different contexts. "Title I prohibits employment discrimination, 42 U.S.C. § 12112, Title II prohibits discrimination in the services of public entities, 42 U.S.C. § 12132, and Title III prohibits discrimination by public accommodations involved in interstate commerce such as hotels, restaurants, and privately operated transportation services, 42 U.S.C. §§ 12182, 12184." *Gorman v. Bartch*, 152 F.3d 907, 911 (8th Cir.1998).

Here, Plaintiff's passing reference to a Title III violation based on Defendant's refusal to hire a deaf person is insufficient to allege a plausible Title III claim. *See Woods v. Wills*, 400 F. Supp. 2d 1145, 1161 (E.D. Mo. 2005) ("A person alleging discrimination under Title III must show that (1) she is

8

disabled within the meaning of the ADA, (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation, (3) the defendant took adverse action against the plaintiff based upon her disability, and (4) the defendant failed to make reasonable modifications that would accommodate the plaintiff's disability without fundamentally altering the nature of the public accommodation." (citing 42 U.S.C. § 12182(a) and (b)(2)(A)(ii)*; Amir v. St. Louis Univ.,* 184 F.3d 1017, 1026 (8th Cir. 1999))).

Plaintiff's claims of disability discrimination clearly arise in the context of his employment with Defendant and, thus, fall squarely within Title I of the ADA. *See Hill v. Shakopee Mdewakanton Sioux Cmty.,* No. 17-CV-1300 (PJS/LIB), 2017 WL 9672392, at *4 (D. Minn. Oct. 12, 2017), *report and recommendation adopted*, No. 17-CV-1300 (PJS/LIB), 2018 WL 1446413 (D. Minn. Mar. 23, 2018) ("Federal Courts across the country have found that employment discrimination claims must be brought under Title I, and they may not be brought under Title III." (citing cases)); *see also Menkowitz v. Pottstown Mem'l Med. Ctr.*, 154 F.3d 113, 122 (3d Cir. 1998) ("Title III was not intended to govern disability discrimination in the context of employment." (citing *Ford v. Schering–Plough Corp.*, 145 F.3d 601, 612 (3d Cir. 1998)); *Parker v. Metro. Life Ins. Co.,* 121 F.3d 1006, 1014 (6th Cir. 1997) ("[T]he statutory framework of the ADA expressly limits discrimination in employment practices to Title I of the ADA . . . .").

Accordingly, Plaintiff's discrimination claim under Title III will be dismissed for failure to state a claim upon which relief may be granted.

### D. Request for Counsel

Plaintiff requests appointed counsel, stating he cannot find a lawyer who will represent him. Filing No. 1 at 10. "There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d

791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

The Court has carefully reviewed the record and finds there is no current need to appoint counsel. Though Plaintiff's English writing abilities are limited, Plaintiff has filed other cases in this Court in which he has provided sufficient information for the Court to discern his claims and the facts to support them, at least at the initial review stage. *See Ramos v. Tyson Fresh Meats, Inc.*, 8:20-cv-00375-JMG-MDN (Filing Nos. 1, 10, & 12); *Ramos v. Valmont Industries, Inc. et al.*, 8:18-cv-00313- RGK-PRSE (Filing Nos. 1, 12, & 27). As such, Plaintiff's motion for appointment of counsel will be denied without prejudice to reassertion. The Court will, however, "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

## V. CONCLUSION

Keeping in mind the liberal construction due pro se complaints, the lesser pleading standard applied to pro se complaints, and the fact that Plaintiff's Complaint was written in English, which is not Plaintiff's primary language, the Court concludes, for purposes of initial review, that Plaintiff has alleged plausible claims under Title VII and Title I of the ADA, as well as

10

companion claims under the NFEPA, for subjecting Plaintiff to a hostile work environment. Plaintiff has not stated an ADA claim for failure to accommodate. Plaintiff's purported claim under Title III of the ADA will be dismissed for failure to state a claim upon which relief may be granted.

Accordingly, this matter will proceed to service of process. The Court cautions Plaintiff, however, that allowing his claims to proceed to service of process is not a determination of the merits of his claims or potential defenses to them.

IT IS THEREFORE ORDERED that:

1. Plaintiff's claim under Title III of the ADA is dismissed without leave to amend.

2. This case shall proceed to service of process as to Plaintiff's hostile work environment claims under Title VII and Title I of the Americans with Disabilities Act, and his companion claims under the NFEPA.

3. The Clerk of the Court is directed to complete and issue a summons for service on Cargill Meat Solutions Corporation, 590 Road 9, Schuyler, Ne 68661, or on its registered agent for service of process, United Agent Group Inc., 12020 Shamrock Plaza #200, Omaha, NE 68154. The Clerk of the Court is further directed to deliver the summons, the necessary USM-285 Form, a copy of Plaintiff's Complaint, Filing No. 1, and this Memorandum and Order to the Marshals Service for service of process on Defendant Cargill Meat Solutions Corporation. Service may be accomplished by using any of the following methods: personal, residence, certified mail, or designated delivery service. See Federal Rule of Civil Procedure 4(h); Neb. Rev. Stat. § 25-509.01.

4. For service by certified mail or designated delivery service, the Marshals Service shall serve Defendants within ten days of the Clerk of the

Court issuing and forwarding the summons to the Marshals Service. See Neb. Rev. Stat. § 25-505.01(1).

5. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.[4]

6. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the Court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

7. The Clerk of Court is directed to set a case management deadline using the following text: **December 22, 2025**: deadline for service of process.

8. Plaintiff's request for appointment of counsel is denied, without prejudice.

9. Because this non-prisoner case is proceeding to service of process, this case is removed from the pro se docket at the direction of the Court. The Clerk's office shall randomly assign new judges to this case and request a reassignment order from the Chief Judge.

Dated this 22nd day of September, 2025.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
Senior United States District Judge

---

[4] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory).