IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JONATHAN F. RAMOS,

Plaintiff,

vs.

CARGILL MEAT SOLUTIONS CORPORATION,

Defendant.

**8:24CV455**

**MEMORANDUM AND ORDER**

Now pending before the Court is Defendant Cargill Meat Solutions Corporation's Motion to Compel Discovery Responses, Filing No. 39, and pro se Plaintiff Jonathan Ramos' motion for the Court to appoint counsel and order Defendant (or Defendant's counsel) to provide an ASL interpreter. Filing No. 41. For the reasons set forth below, Defendant's motion is granted in part and denied in part. Plaintiff's motion is denied, in part without prejudice.

## BACKGROUND

This is an ADA employment discrimination action. Plaintiff is pro se and the Court granted Plaintiff leave to proceed *in forma pauperis*. Filing No. 6. The Court conducted its initial review and ruled on Defendant's subsequent partial Motion to Dismiss. Filing No. 9; Filing No. 24. Discovery is ongoing. The deadline for completing written discovery is September 28, 2026 and the deadline for filing motions to compel is October 12, 2026. Filing No. 43.

On May 12, 2026, Defendant served Plaintiff Interrogatories and Requests for Production of Documents. Filing No. 40-1 at 1. Plaintiff responded to Interrogatory No. 4 and RFP No. 15. Filing No. 40-4 at 2; Filing No. 40-5 at 3.

Plaintiff refused to respond to the remaining discovery requests because he cannot understand the written requests without an ASL interpreter. Defendant moves to compel Plaintiff to respond to its discovery requests.

Plaintiff is Deaf. Filing No. 44 at 2. His primary, preferred language is American Sign Language ("ASL"). *Id.* at 4. Plaintiff underwent a Communication Skills Assessment and submitted the report to the Court. The assessor noted Plaintiff experiences "significant challenges" understanding English. Generally, Plaintiff reads and writes in English at a fourth to sixth grade level. *Id.* at 4–5.

Plaintiff filed a motion for the Court to appoint counsel when he filed his Complaint. Filing No. 1 at 10. The Court denied his motion, without prejudice, at the initial review stage but asserted it would "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." Filing No. 9 at 10 (quoting *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993)). Plaintiff renewed his motion when he responded to Defendant's motion to dismiss. The Court denied Plaintiff's renewed motion again without prejudice. Filing No. 21. Plaintiff renewed his motion again when Defendant filed its motion to compel. Defendant is unopposed to the Court appointing Plaintiff an attorney. Filing No. 42 at 4.

## ANALYSIS

The Court begins with Plaintiff's motion before turning to Defendant's motion to compel.

### I. Plaintiff's Motion, Filing No. 41.

Appointment of Counsel.

Section 1915 provides the Court may "request" an attorney agree to represent someone proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(1). The

Court may not, however, compel an attorney to accept an appointment. *Mallard v. S.D. Iowa*, 490 U.S. 296, 307–08 (1989), *superseded by statute on other grounds*. Since this is an ADA employment discrimination action, the Court may also appoint counsel "in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1) (Title VII); *see generally* 42 U.S.C. § 12117(a) (making § 2000e-5 applicable to the ADA). Section 2000e-5 does give the Court the coercive power to compel an attorney to accept an appointment. *Scott v. Tyson Foods, Inc.*, 943 F.2d 17, 19 (8th Cir. 1991). "Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments." *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992).

A civil litigant has no constitutional or statutory right to a court-appointed attorney under either section 1915 or section 2000e-5. *See Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984); *Toney-Acon v. City of University, City*, No. 4:08CV1229, 2008 WL 5396693, at *1 (E.D. Mo. Dec. 23, 2008). The Court may make such an appointment at its discretion. *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996). A trial court has broad discretion to decide whether both the pro se party and the Court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the pro se party's ability to investigate the facts and present or defend the claims. *Id.* The Court may also consider whether and to what extent the unrepresented party made any effort to retain counsel before seeking court-appointed counsel. *Nelson*, 728 F.2d at 1005.

A hearing impairment alone does not automatically entitle a pro se plaintiff to appointed counsel. *Hunter v. Romero*, No. 19-cv-02969, 2022 WL 2015422, at *3 (D. Colo. June 6, 2022). The Court still decides whether appointing counsel for a Deaf individual is appropriate on a case-by-case basis. *See, e.g.*, *Amissah v. Gallaudet Univ.*, No. CV 19-679, 2022 WL 4016592, at *7 (D.D.C. Sept. 2, 2022)

(declining to appoint counsel for Deaf plaintiff); *Wesker v. Iron Workers Loc. 383*, No. 25-CV-796, 2026 WL 892463, at *3 (W.D. Wis. Apr. 1, 2026) (same).

Here, Plaintiff is proceeding *in forma pauperis*. He submitted evidence which he contends illustrates his disability limits his ability to present his claims and respond to Defendant's written discovery requests. Upon review, Plaintiff's filings are not sophisticated, but his hearing impairment does not totally preclude Plaintiff from prosecuting his case. For example, despite his limited ability to read and write in English, Plaintiff was able to understand and complete the Court's standard Complaint for Employment Discrimination as well as applications to proceed *in forma pauperis* in this case and on interlocutory appeal. Filing No. 1; Filing No. 2; Filing No. 29. Plaintiff is also more familiar with the legal system than the average pro se litigant—he has filed ten cases pro se in this district since 2018.[1]

Importantly, Plaintiff did not submit evidence indicating he made a good faith effort to retain counsel before moving the Court to appoint counsel. It appears from Plaintiff's previous motions to appoint counsel that he previously contacted at least one attorney who declined the case. *See* Filing No. 1 at 10; Filing No. 20 at 2. It is unclear whether Plaintiff attempted to contact other attorneys before moving the Court to appoint counsel.

The Court has serious reservations about appointing an attorney to represent Plaintiff. Nonetheless, considering Plaintiff's hearing impairment, the evidence presented by Plaintiff regarding his apparent difficulties reading and writing in English, and the procedural posture of this case, the Court contacted several attorneys from a list the Court maintains of attorneys willing to accept civil

[1] *Ramos v. Valmont Indus., Inc.*, No. 8:18cv313 (D. Neb. filed July 3, 2018); *Ramos v. Tyson Fresh Meats, Inc.*, No. 8:20cv375 (D. Neb. filed Sept. 18, 2020); *Ramos v. Hog Slat, Inc.*, No. 8:23cv81 (D. Neb. Filed Mar. 3, 2023); *Ramos v. Becton, Dickinson & Co. et al*, No. 8:23cv191 (D. Neb. filed May 12, 2023); *Ramos v. Advance Servs., Inc.*, No. 8:23cv280 (D. Neb. filed June 26, 2023); *Ramos v. Wemhoff et al*, No. 8:23cv564 (D. Neb. filed Dec. 21, 2023); *Ramos v. Vishay Dale Elecs., LLC*, No. 8:24cv453 (D. Neb. filed Nov. 22, 2024); *Ramos v. Columbus Hydraulics Co.*, No. 8:25cv140 (D. Neb. filed Feb. 25, 2025); *Ramos v. Smeal Fire Apparatus et al*, No. 8:26cv456 (D. Neb. filed Aug. 24, 2026).

appointments. The Court was unable to find someone willing to represent Plaintiff in this case.

Ultimately, there is no right to counsel in civil cases. Compelling an attorney to accept the representation is an extreme measure. At this point, the Court is not willing to coerce an attorney to represent Plaintiff. Nor is the Court willing to continue searching for an attorney who will accept the appointment. First, Plaintiff needs to put more effort into locating counsel on his own.

Plaintiff's motion to appoint counsel is denied without prejudice. The Court will summarily deny a renewed motion to appoint counsel unless Plaintiff submits evidence showing he made a reasonably diligent and good faith effort to retain an attorney.

ASL Interpreter.

Plaintiff also moves the Court to order Defendant (or Defendant's counsel) to provide him with an ASL interpreter so he can respond to Defendant's discovery requests. Plaintiff did not cite any supporting legal authority.

Generally, "each party bear[s] the ordinary burden of financing his own suit." *In re Puerto Rico Elec. Power Auth.*, 687 F.2d 501, 506 (1st Cir. 1982). This means the party responding to discovery "is expected to accept the initial expense of producing its own documents, answering interrogatories, and submitting to depositions." *Id.* at 507. The party seeking discovery bears "special attendant costs" like the cost of translating documents produced in response to its discovery requests, *id.*, or the cost of hiring an interpreter to depose a witness. *See E. Boston Ecumenical Cmty. Council, Inc. v. Mastrorillo*, 124 F.R.D. 14 (D. Mass. 1989). If a discovery request imposes an "undue burden or expense" on the responding party, the Court may enter a protective order "requiring the requesting party to pay the expenses of production." *In re Puerto Rico Elec. Power Auth.*, 687 F.2d at 507 (citing Fed. R. Civ. Proc. 26(c)).

Plaintiff is expected to bear the expense he incurs in answering Defendant's written discovery requests. He did not submit any evidence showing it is an undue burden or expense for him to answer these requests. Plaintiff's request is denied. Defendant is not required to translate its discovery requests into ASL or provide an ASL interpreter to Plaintiff to help him respond to discovery.

**II. Defendant's Motion to Compel, Filing No. 39.**

Defendant requests an order compelling Plaintiff to respond to Defendant's Interrogatories and Requests for Production of Documents. In his motion to appoint counsel, Plaintiff argues his limited ability to read and write in English means he is unable to respond to Defendant's discovery requests.

A party is obligated to respond to interrogatories and requests for production of documents served on them by the opposing party. Fed. R. Civ. Proc. 33(b), 34(b). The party must respond to interrogatories and requests for production of documents within 30 days of service. Fed. R. Civ. Proc. 33(b)(2), 34(b)(2). An evasive or incomplete response to interrogatories or requests for production of documents must be treated as a failure to respond. Fed. R. Civ. Proc. 37(a)(4). A party's failure to respond to interrogatories or requests for production of documents permits the requesting party to move to compel discovery. Fed. R. Civ. P. 37(a)(3)(B).

Plaintiff only responded to Defendant's Interrogatory No. 4 and RFP No. 15. He did not respond to Interrogatory No. 3. He responded to the remaining requests by noting he did not understand and asking for an ASL interpreter. Filing No. 40-4; Filing No. 40-5.

First, Defendant is not moving to compel a response to Interrogatory No. 4. Defendant does not address RFP No. 15, and it is unclear whether Defendant believes Plaintiff's response to RFP No. 15 is deficient. Defendant's motion is denied to the extent Defendant is moving to compel a response to RFP No. 15. It

appears Plaintiff is asserting there are no documents responsive to Defendant's request.[2]

Second, Plaintiff did not appropriately respond to Defendant's remaining discovery requests. The remainder of Defendant's motion is granted. Plaintiff is ordered to serve responses and any objections to Defendant's remaining discovery by October 1, 2026.

**CONCLUSION**

Accordingly,

IT IS ORDERED:

1) Plaintiff's Motion, Filing No. 41, is denied to the extent Plaintiff is requesting the Court order Defendant or Defendant's counsel provide an ASL interpreter to translate Defendant's written discovery requests. Plaintiff's motion is denied without prejudice to the extent Plaintiff is requesting Court-appointed counsel.

2) Defendant's Motion to Compel Discovery Responses, Filing No. 39, is granted in part and denied in part. Defendant's motion to compel a response to RFP No. 15 is denied. The remainder of Defendant's motion is granted. Plaintiff is ordered to serve responses and any objections to Defendant's remaining Interrogatories and Requests for Production of Documents by October 1, 2026. Motions to compel related to these requests must be filed by October 15, 2026. All other progression order deadlines remain unchanged. *See* Filing No. 43.

[2] RFP No. 15 requests: "Copies of all documents evidencing your supervisor said "come to fight me" as alleged on page 9 of your Complaint." Plaintiff responded, "Jose Castro supervisor use as gesture by hands of 'come-fight'" and "Jose Castro use gesture." Filing No. 40-5 at 3–4.

Dated this 16th day of September, 2026.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge